THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE CITY DIVISION

CIVIL CASE NO. 1:12cv327

| | |
|---|---|
| **TERRY BOYD McENTIRE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| **MYRA JOHNSON,** *et. al.*, ) | |
| ) | |
| **Defendants.** ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to Dismiss [Doc. 6].

The Plaintiff has elected to appear *pro se* in this matter. The Defendant has moved to dismiss the Plaintiff's Complaint for failure to state claims upon which relief may be granted under Fed.R.Civ.P. 12(b)(6). [Doc. 6]. Therefore, in view of the Plaintiff's proceeding *pro se*, the Court will provide instruction as to his obligation to respond to the motion. Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). The Plaintiff is thus notified that he must show that he has made sufficient allegations in the Complaint to support a cause of action against the Defendant which is recognized by law.

> To survive a Rule 12(b) motion, "[f]actual allegations must be strong enough to raise a right to relief above the speculative level" and have "enough facts to state a claim to relief that is plausible on its face." [T]he court "need not accept the [plaintiff's] legal conclusions drawn from the facts," nor need it "accept as true unwarranted inferences, unreasonable conclusions, or arguments."

Philips v. Pitt County Memorial Hospital, 572 F.3d 176, 179-80 (4th Cir. 2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)) (other citations omitted).

The Plaintiff is therefore advised that the Complaint must contain factual matter which, if accepted as true, would "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citing Twombly, supra.). A claim is facially plausible when a plaintiff pleads sufficient factual content to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

The Plaintiff is also advised that, in ruling on this motion, the Court may take judicial notice of matters of public record. Philips, 572 F.3d at 179-80. It may consider documents attached to the Complaint as well as those attached to the Motion to Dismiss. Id.

The Plaintiff filed Response to the motion on December 12, 2012. [Doc. 7]. In view of his *pro* se status, the Court will allow him to supplement

2

Case 1:12-cv-00327-MR-DLH   Document 11   Filed 04/15/13   Page 2 of 3

this Response on or before fifteen (15) days from entry of this Order and that it must also be served on the Defendant. The Plaintiff must include a Certificate of Service indicating the manner and date on which he served the Defendant.

**IT IS, THEREFORE, ORDERED** that the Plaintiff may file a Supplemental Response not to exceed five (5) double-spaced pages to the Defendant's Motion to Dismiss [Doc. 6] on or before fifteen (15) days from entry of this Order.

**IT IS FURTHER ORDERED** that in making any such Response, the Plaintiff must file with his Response a Certificate of Service indicating the manner and date on which he served the Defendant.

Signed: April 15, 2013

Martin Reidinger
United States District Judge