# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### 1:12cv327

| | | |
|---|---|---|
| TERRY BOYD McENTIRE, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MYRA JOHNSON, KIMBERLY | ) | |
| GOLD, and ISOTHERMAL | ) | |
| COMMUNITY COLLEGE, | ) | |
| | ) | |
|     Defendants. | ) | |
| _____ | ) | |

Defendant filed a Motion to Dismiss [# 6] the Amended Complaint. In its

motion, Defendants moved to dismiss the Amended Complaint for failure to state a

claim. Specifically, Defendants contend that the Amended Complaint fails to

contain factual allegations supporting each element of Plaintiff's ADA and

intentional infliction of emotional distress claims. In addition, Defendants contend

that the ADA claims against the individuals should be dismissed because the ADA

does not provide for individual liability. In response to the Motion to Dismiss,

Plaintiff asserted a host of new factual allegations that are not contained in the

Amended Complaint. Generally, however, the Court may only consider the factual

allegations contained in a complaint and may not consider factual allegations

raised in briefs or documents submitted in support or in opposition to a motion to dismiss.

Subsequently, the District Court entered an Order allowing Plaintiff additional time to file a supplemental brief in response to the Motion to Dismiss. The District Court also set forth the standard that Court's utilize when ruling on a defendant's motion to dismiss. Plaintiff then filed a supplemental brief in opposition to Defendants' motion. Plaintiff, however, also attached as an exhibit a summation of events, setting forth more facts not contained in the Amended Complaint. In light of Plaintiff's *pro se* status, the Court will afford Plaintiff an opportunity to file a second amended complaint and allege the factual allegations asserted in the response to the Motion to Dismiss, the supplemental brief, and the summation of events. The Court **INSTRUCTS** Plaintiff that the second amended complaint must separately set forth each claim asserted against Defendants in separate paragraphs. The amended complaint should also specify which claims are asserted against which Defendants. In addition, Plaintiff must set forth the factual allegations forming the basis of each claim. The failure to plead factual allegations suggesting each element of each claim asserted will likely result in the dismissal of this case. The Court will not consider any factual allegations raised in a response to a motion to dismiss unless those allegations are contained in the body of the

Second Amended Complaint. Moreover, the Court will not provide Plaintiff another opportunity to amend the pleadings in this case. Plaintiff shall have until May 28, 2013, to file a Second Amended Complaint that complies with this Order. The failure to comply with this Order will likely result in the Court recommending that the District Court grant the Motion to Dismiss and dismiss the claims asserted in the Amended Complaint with prejudice.

Signed: May 8, 2013

Dennis L. Howell
United States Magistrate Judge