# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:12cv327

| | |
|---|---|
| TERRY BOYD McENTIRE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM AND |
| ) | RECOMMENDATION |
| MYRA JOHNSON, KIMBERLY ) | |
| GOLD, and ISOTHERMAL ) | |
| COMMUNITY COLLEGE, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Pending before the Court is the Defendants' Motion to Dismiss [# 17]. Plaintiff brought this action against Defendants asserting claims pursuant to the Americans with Disabilities Act (ADA) and intentional infliction of emotional distress under state law. Defendants moved to dismiss the intentional infliction of emotional distress claim and the ADA claims asserted against Defendants Johnson and Gold (the "Individual Defendants"). Plaintiff, who is preceding *pro se* filed a response to the motion. The Court **RECOMMENDS** that the District Court **GRANT** the motion [# 17].

   I.   **Background**

Plaintiff is a resident of North Carolina and a former employee at Defendant

Isothermal Community College, a community college located in Rutherford County, North Carolina. (Pl.'s Third Am. Complaint ¶¶ 2-3, 6.) Plaintiff suffers from an anxiety disorder, depression, and has contracted acquired immunodeficiency syndrome. (Id. ¶ 9.) Defendants were aware of Plaintiff's disabilities while he was employed at Isothermal Community College. (Id. ¶¶ 10-12.)

Plaintiff contends that Defendants discriminated against him as a result of his disabilities by failing to promote him (Id. ¶18) and terminating his employment on November 1, 2011 (Id. ¶ 41). In addition, Plaintiff contends that Defendants failed to make reasonable accommodations. (Id. ¶¶45-47.)

Defendants Johnson and Gold were both employees of Isothermal Community College during Plaintiff's employment. (Id. ¶ 14.) Plaintiff contends that the Individual Defendants made derogatory statements concerning Plaintiff's disabilities. (Id.) For example, Defendant Gold made comments about Plaintiff's weight gain that was the result of his medications (Id. ¶ 15), and Defendant Johnson imitated Plaintiff's voice (Id. ¶ 16).

After his termination, Plaintiff filed a charge of discrimination with the United States Equal Employment Opportunity Commission (EEOC). (Id. ¶ 53.) After the EEOC issued a right to sue letter, Plaintiff brought this action against

Defendants. Defendants now move to dismiss the ADA claims against the Individual Defendants, as well as the state law claim of intentional infliction of emotional distress. The case is now before this Court for a Memorandum and Recommendation to the District Court.

**II.    Legal Standard**

The central issue for resolving a Rule 12(b)(6) motion is whether the claims state a plausible claim for relief. See Francis v. Giacomelli, 588 F.3d 186, 189 (4th Cir. 2009). In considering Defendants' motion, the Court accepts the allegations in the Third Amended Complaint as true and construes them in the light most favorable to the Plaintiff. Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009); Giacomelli, 588 F.3d at 190-92. Although the Court accepts well-pled facts as true, it is not required to accept "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ." Consumeraffairs.com, 591 F.3d at 255; see also Giacomelli, 588 F.3d at 189.

The claims need not contain "detailed factual allegations," but must contain sufficient factual allegations to suggest the required elements of a cause of action. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007); see also Consumeraffairs.com, 591 F.3d at 256. "[A] formulaic recitation

of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S. Ct. at 1965. Nor will mere labels and legal conclusions suffice. Id. Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).

The Third Amended Complaint is required to contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; see also Consumeraffairs.com, 591 F.3d at 255. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949; see also Consumeraffairs.com, 591 F.3d at 255. The mere possibility that a defendant acted unlawfully is not sufficient for a claim to survive a motion to dismiss. Consumeraffairs.com, 591 F.3d at 256; Giacomelli, 588 F.3d at 193. Ultimately, the well-pled factual allegations must move a plaintiff's claim from possible to plausible. Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; Consumeraffairs.com, 591 F.3d at 256.

**III.   Analysis**

**I.   The ADA Claims against the Individual Defendants**

Plaintiff asserts ADA claims against both his employer, Defendant

Isothermal Community College, and his fellow employees, Defendants Johnson and Gold. It is well settled, however, that the ADA only provides for a cause of action against employers and not individual employees or supervisors. Baird v. Rose, 192 F.3d 462, 472 (4th Cir. 1999); Jones v. Sternheimer, 387 F. App'x 366, 368 (4th Cir. 2010) (unpublished); Dong v. BASF Corp., No. 3:11-CV-00605-MOC, 2013 WL 3410340 (W.D.N.C. Jul. 8, 2013) (Cogburn, J.) (unpublished); Williams v. Wells, Civil Action No. 4:12-cv-02434-RBH, 2013 WL 4042037 (D.S.C. Aug. 8, 2013) (unpublished); Teasdell v. Baltimore Cnty. Bd. Educ., Civil No. WDQ-13-0107, 2013 WL 4804736 (D. Md. Sept. 6, 2013) (unpublished); Wright v. Stonemor Partners LLP, No. 3:12-cv-380, 2012 WL 4006120, at *1 (W.D.N.C. Sept. 12, 2012) (Mullen, J.) (unpublished). Accordingly, the ADA claims asserted against the Individual Defendants in their individual capacity are subject to dismissal as they were not Plaintiff's employer within the meaning of the ADA.

### II. The Intentional Infliction of Emotional Distress Claims

Plaintiff also asserts an intentional infliction of emotional distress claim against all the Defendants. In order to state a claim for intentional infliction of emotional distress in North Carolina, a plaintiff must allege facts demonstrating: "1) extreme and outrageous conduct by the defendant 2) which is intended to and

does in fact cause 3) severe emotional distress." Holloway v. Wachovia Bank & Trust Co., N.A., 452 S.E.2d 233, at 240 (N.C. 1994) (internal quotation and citation omitted); Guthrie v. Conroy, 567 S.E.2d 403, 408 (N.C. Ct. App. 2002). "Conduct is extreme and outrageous when it is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Guthrie, 567 S.E.2d at 408-09 (internal quotation and citation omitted); see also Johnson v. Colonial Life & Accident Ins. Co., 618 S.E.2d 867, 872 (N.C. Ct. App. 2005). Whether or not conduct constitutes the type of extreme and outrageous conduct that could give rise to an intentional infliction of emotional distress claim is a question of law for the Court. Johnson, 618 S.E.2d at 872-73; Thomas v. Northern Telecom, Inc., 157 F. Supp. 2d 627, 635 (M.D.N.C. 2000). "Furthermore, it is extremely rare to find conduct in the employment context that will give rise to the level of outrageousness necessary to support a claim of intentional infliction of emotional distress." Thomas, 157 F. Supp. 2d at 635; see also Frazier v. First Union Nat'l Bank, 747 F. Supp. 1540, 1553 (W.D.N.C. 1990) (Potter, C.J.) ("In employment actions, North Carolina courts have been reluctant to find intentional infliction of emotional distress claims actionable."); Moody-Williams v. Liposcience, No. 5:12-CV-104-FL, 2013 WL 3064010, at *4 (E.D.N.C. Jun. 18,

2013) (unpublished).

Plaintiff has not alleged facts demonstrating extreme and outrageous conduct by the Defendants. Instead, the Third Amended Complaint alleges a run of the mill ADA claim. There are no factual allegations in the Third Amended Complaint demonstrating that the conduct of any of the Defendants was "so outrageous in character, and so extreme in degree, as to go beyond all possible pounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Guthrie, 567 S.E. 2d at 408-09. The allegations that the individual Defendants made unspecified derogatory references to Plaintiff's impairments, that Defendant Johnson imitated Plaintiff's voice, and that Defendant Gold made derogatory statements about Plaintiff's weight, do not rise to the level necessary to constitute a claim for intentional infliction of emotional distress. See id. (holding that "mere insults, indignities, and threats" are insufficient to constitute extreme and outrageous behavior); Johnson, 618 S.E.2d at 873 (holding that even though comments were insulting and offensive, they failed to rise to the level necessary to constitute extreme and outrageous behavior); Moody-Williams, 2013 WL 3064010, at *5; Thomas, 157 F. Supp. 2d at 635. Because Plaintiff has failed to alleged factual allegations demonstrating the level of extreme and outrageous conduct by the Defendants necessary to state a claim for intentional

infliction of emotional distress under North Carolina law, the claim is subject to dismissal pursuant to Rule 12(b)(6). The Court, therefore, **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss [# 17].

### IV. Conclusion

The Court **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss [# 17] and **DISMISS** the ADA claims asserted against Defendants Johnson and Gold and the Intentional Infliction of Emotional Distress claim in its entirety.

Signed: September 20, 2013

Dennis L. Howell
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).